UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNYAL COLLINS,

    Plaintiff,

v.

POWDER COTE II, *et al.*,

    Defendants.

Case No. 18-13388
Honorable Laurie J. Michelson

## ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT WITHOUT PREJUDICE

According to her complaint, between May and October 2018, Donnyal Collins was employed by Powder Cote II. She operated a forklift that dropped off automobile parts to and from lines on the assembly. She worked closely with a person named James who oversaw at least one of the assembly lines.

Collins alleges that she and James often quarreled at work. She says that on at least four separate occasions, James threw items off her forklift and berated her with insults. And in their last dispute, Collins alleges she was reversing her forklift when James ran behind it (despite the back-up alarm) and Collins ran over James' foot. Collins was fired.

On October 30, 2018, Collins sued Powder Cote II, James, and others. (ECF No.1, PageID.1–3.) Collins filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF. No. 2, PageID.15.) Upon consideration of her request, the Court must perform a preliminary screening of the complaint. The Court "shall dismiss" the case if it finds that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Complaints filed by pro se plaintiffs are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

It appears Collins alleges she was wrongfully terminated on the basis of her gender. (ECF No. 1, PageID.4–5.) Title VII bars employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of gender discrimination, Collins must show that: "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Peltier v. United States*, 388 F. 3d 984, 987 (6th Cir. 2004).

While Collins is not required to make out a prima facie case at this stage, she does have to plead a plausible claim. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609–610 (6th Cir. 2012). A plausible claim means Collins "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And to draw a reasonable inference of gender discrimination, Collins must plead facts to support a causal connection between her termination and her gender. *See Keys*, 684 F.3d at 610 (collecting cases).

Yet Collins has not plausibly pleaded causation. True, Collins alleges she was fired despite trying to follow the rules. And she pleads instances of workplace rule breaking on the part of a male colleague. But Collins' complaint does not allege that her male colleague fared better than her. Moreover, Collins alleges she was terminated after running over her male colleague's foot with her forklift. Although she alleges the man was at fault, she does not say whether Powder Cote

disciplined the man any differently than her. Thus, she does not provide enough facts for the Court to draw the "reasonable inference" that Powder Cote fired her on account of her gender.

But the Court will give Collins a chance to correct the defect. To be sure, there is currently no rule in the Sixth Circuit that requires a district court, sua sponte, to give a pro se plaintiff leave to amend absent a request. *Brown v. Matauszak*, 415 F. App'x 608, 615–16 (6th Cir. 2011). However, "[the Sixth Circuit] has more than once remanded a case to allow a pro se plaintiff leave to amend when it was not requested by the district court." *Id*. (finding that a district court abused its discretion in not granting plaintiff leave to amend where given the chance, the plaintiff would have been able to establish a non-frivolous underlying claim). So Collins has until **May 10, 2019** to file an Amended Complaint. Accordingly, the Court dismisses Collin's complaint without prejudice to refiling. (ECF No. 1.)

The Court has included a flyer for the Court's Pro Se Legal Assistance Clinic. The Clinic may be able to help Collins draft her Amended Complaint if Collins requests its assistance.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: April 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager
